EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS B. BLASCO, acusado y apelante.

No. 5493.—*Sometido:* Febrero 20, 1935. *Resuelto:* Febrero 19, 1936.

*Felipe Colón Díaz*, abogado del apelante; *Luis Janer, Fiscal Auxiliar*, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El artículo 362 del Código de Enjuiciamiento Criminal (Estatutos de 1911, sección 6407) y la sección primera de una ley aprobada el 30 de mayo de 1904, Leyes de 1905, pág. 16, leen así:

"Artículo 362.—Después de celebrada la vista de la apelación, la Corte Suprema debe dictar sentencia sin parar mientes en los errores o defectos técnicos o de forma, o en excepciones que no afecten los derechos sustanciales de las partes.

"Artículo 1.—Siempre que resultare de los autos, en alguna causa criminal apelada a la Corte Suprema, que cualquier requisito legal haya sido desatendido por el tribunal sentenciador, no se anulará la sentencia a menos que el error que de los autos resultare, tendiere a perjudicar los derechos de cualquiera de las partes, y se hubiere interpuesto la debida excepción en el tribunal sentenciador; *Disponiéndose, sin embargo,* que el tribunal de apelación podrá conocer de errores fundamentales que aparecieren en los autos, aun cuando no se hubiere interpuesto objeción a ellos, y fallar sobre los mismos con arreglo al derecho que de los hechos se desprendiere."

Blasco fué convicto del delito de violación y sostiene que la corte de distrito cometió error al permitir una pregunta hipotética sin previa prueba de los hechos en que la misma se basaba. La transcripción de evidencia consta de trescientos noventa y nueve páginas. Hemos leído lo suficiente de ella para quedar convencidos de que se hizo justicia sustancial. Estamos plenamente convencidos de que el negarse a permitir la pregunta hipotética no hubiera afectado el resultado. Lo mismo puede decirse de otra prueba admitida con la objeción del acusado. En su alegato el apelante

no suscita cuestión alguna respecto a la admisibilidad de esta prueba. En un caso dudoso tales errores en la admisión de prueba podrían inclinar la balanza en favor de una revocación, pero cuando el resultado era claramente correcto (como creemos lo fué en el presente caso) no debe ser alterado. *El Pueblo* v. *Español,* 16 D.P.R. 213; I Wigmore (2nd ed.), sección 21, págs. 201, 221.

Por los mismos fundamentos o por razones similares, la negativa de la corte de distrito a transmitir ciertas instrucciones solicitadas por el acusado no fué un error que dé lugar a la revocación. La corte de distrito no erró al declarar sin lugar la moción solicitando un nuevo juicio, según se alega en el tercer señalamiento.

El veredicto no fué contrario a la prueba, conforme se sostiene en el cuarto señalamiento.

*La sentencia y resolución apeladas deben ser confirmadas.*

El Juez Asociado Señor Wolf está conforme con el resultado.*

El Juez Asociado Señor Córdova Dávila no intervino.